IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

GARY and ANNA-MARIE CUPPELS    :
individually and on behalf of others    : C.A. NO.: S18C-06-009 CAK
similarly situated,    :
   :
       Plaintiffs,    :
   :
   v.    :
   :
MOUNTAIRE CORPORATION,    :
MOUNTAIRE FARMS INC., and    :
MOUNTAIRE FARMS OF DELAWARE,    :
INC.,    :
   :
       Defendants.    :

Submitted: April 8, 2020
Decided: April 14, 2020

*Upon Non-Party DNREC'S Motion to Quash Subpoenas*
**DENIED**

## MEMORANDUM OPINION AND ORDER

Chase T. Brockstedt, Esquire and Stephen A. Spence, Esquire, Baird Mandalas Brockstedt, 1413 Savannah Road, Ste 1, Lewes, DE 19958

Lisa C. McLaughlin, Esquire, Robert S. Goldman, Esquire, John C. Phillips, Jr., Esquire, Phillips, Goldman, McLaughlin & Hall, P.A., 1200 North Broom Street, Wilmington, DE 19806

F. Michael Parkowski, Esquire and Michael W. Teichman, Esquire, Parkowski Guerke & Swayze, P.A., 1105 North Market Street, 19th Floor, Wilmington, DE 19801

Devera B. Scott, Esquire and William J. Kassab, Esquire, Department of Justice 102 W. Water Street, 3rd Floor, Dover, DE 19901

**KARSNITZ, J.**

This case involves claims by multiple plaintiffs alleging they suffered both property damage and personal injury as a result of discharges from waste water facilities at chicken processing facilities controlled by some or all defendants. Non-party Delaware Department of Natural Resources ("DNREC") brought separate claims in another law suit against some of the defendants to enforce Delaware environmental law and regulations. DNREC initiated suit in this Court and in Federal Court in Delaware. DNREC now believes it has negotiated a settlement with defendants which is being processed in due course in Federal Court.[1] Plaintiffs here, and in support of their private claims, have subpoenaed records of DNREC since the summer of 2017, as well as five DNREC employees. DNREC has moved to quash the subpoenas.

I held a hearing to consider the motions on April 8, 2020, and orally denied them with an explanation of my reasoning. I provided my decision orally because it appeared to me the issues raised were important to the timing of the case.

The information sought by plaintiffs in this discovery process include documents and information gathered by DNREC in its investigation, as well as

---

[1] DNREC Superior Court case has been stayed in favor of the Federal case.

2

information exchanged in settlement discussions between DNREC and defendants. In support of its motion DNREC makes four arguments: (1) the information is privileged and protected by the "investigation" exemption of the Freedom of Information Act[2], (2) the information is part of settlement discussion protected by Delaware Rules of Evidence ("DRE") 408 (3) the information is protected by the attorney-client or the work product privilege, and (4) the request creates an undue burden on DNREC.

At argument I asked counsel for DNREC if they had made any effort to determine what fell in to each category in the universe of what plaintiffs had requested , i.e. (1) properly producible material, (2) settlement discussions, or (3) attorney-client or other privileged material. The answer was no. DNREC's objections are generic, so my rulings are as well.

## THE FOIA BASED OBJECTION

DRE 508 requires this Court to "recognize" governmental privilege created by, *inter alia*, statutes. FOIA exempts from documents required to be disclosed to persons filing a *FOIA* claim (*emphasis supplied*) "investigatory files compiled for civil law enforcement purposes..."[3] DNREC reads FOIA through

---

[2] 29 *Del. C.* §10001 *et seq.*

[3] 29 *Del. C.* §10002 (d)(3).

3

DRE 508 to argue that the information here is protected from disclosure.

I disagree for two reasons. First, this type argument was rejected in *State Department of Transportation v. Figg Bridge Engineers, Inc.*[4] and I adopt the reasoning contained therein. Second, and most compelling to me, is that the Delaware Legislature has mandated general and broad requirements that DNREC disclose to the public facilities it inspects, monitoring and reporting data, compliance inspections, violations detected, and "...any enforcement actions".[5] Section 6014 with its disclosure requirements was first enacted in the early 1970's, before FOIA was enacted, and reconstituted with the same disclosure requirements updated to meet the demands of the computer driven world after FOIA was enacted. Simply, had the Legislature wanted to limit the disclosure requirements somehow through the FOIA legislation, it could have. It did not, however, and I see nothing in the specific disclosure requirements of §6014 that limits it in the way DNREC is now arguing.

I take a moment to editorialize. DNREC's overarching goal is to protect the environment. The Legislature has mandated that DNREC provide comprehensive information to the public about its work, allegations of violation of

---

[4] 79 A.3d 259 (Del. Super. 2013).

[5] 7 *Del. C.* §6014 (a).

4

environmental law, and enforcement actions. Plaintiffs here claim they were injured by violations of environmental law. To me it is DNREC's specific statutory responsibility to provide the information requested.

Thus I reject the argument that FOIA somehow supersedes the dictates of §6014.

## THE SETTLEMENT DISCUSSIONS

DRE 408 protects settlement discussions from admission at trial. It does not, however, protect those discussions from the discovery process, *Council of Unit Owners v. Carl M. Freeman Associates*.[6] I agree that in many circumstances the Court should tread carefully in this area. Both DNREC and the defendants have predicted an apocalyptic effect on settlement discussions in environmental cases if I allow this discovery. While I agree it may have some negative effect, the disaster predicted is not imminent in my view. This brings me back to §6014. There is nothing in that section which supports a claim that settlement discussions are protected from disclosure, and I reject the claim.

## ATTORNEY-CLIENT OR OTHER PRIVILEGES

Not having a privilege log, it is impossible to specifically analyze this claim. As I indicated at argument, I am requiring DNREC to meet and confer with

---

[6] 1990 WL 128185, at *1 (Del. Super, Sept. 5, 1990.).

all parties to discuss any specific privilege issues. If the parties cannot reach agreement, they should bring any disputes to my attention.

I address one issue raised by defendants less than 24 hours before the hearing. Defendants assert that in negotiating an agreement with DNREC they developed a "common interest" which provides an attorney-client umbrella for all the discussions. I expressed skepticism as to this argument because, for me, while negotiating an agreement the counter-parties are adverse to each other. Because the argument was raised outside the normal time frame in resolving motions, I was not in position to fully evaluate it. Again, if through the privilege log process the parties cannot resolve this issue, they should feel free to bring them to my attention.

## UNDUE BURDEN

As I have detailed in this opinion DNREC has a statutory duty under §6014 to provide the requested information. A statutory obligation cannot be an undue burden.

For the reason set forth in this opinion I deny the motions of non-party DNREC to quash the subpoenas.

Craig A. Karsnitz

cc: Prothonotary's Office

6